## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MIDWEST PETROLEUM COMPANY, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>ST. LOUIS COUNTY, MISSOURI, )<br><br>Defendant. ) | No. 4:23-CV-1568 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Plaintiffs' Motion for Leave to File an Amended Complaint. (ECF No. 27). Defendant St. Louis County, Missouri (the "County") opposes the Motion. For the reasons that follow, Plaintiffs' Motion for Leave to File an Amended Complaint is granted.

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings and provides that after the deadline for amending as a matter of course has passed, a party may amend its pleading only with the opposing party's consent or the leave of the Court. Fed. R. Civ. P. 15(a)(2). However, "leave to amend should be granted freely when justice so requires." In re Cerner Corp. Sec. Litig., 425 F.3d 1079, 1086 (8th Cir. 2005). Unless there is a good reason for denial, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." Thompson–El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182, (1962)). See also Word v. Missouri Dep't of Corr., 542 F. App'x 540, 541 (8th Cir. 2013) (finding district court abused its discretion by denying plaintiff's motion for leave to amend his § 1983 complaint).

Here, Plaintiffs seek to amend their Complaint to remove reference to the United States Constitution, which they argue will moot the current dispute regarding federal jurisdiction and facilitate remand of the case to state court. The County opposes the Motion for Leave to Amend and argues Plaintiffs "cannot avoid federal jurisdiction by simply omitting federal questions from their Complaint." (ECF No. 28 at 1). It further aruges that even with the amendment, the Court has federal jurisdiction to hear this case.

Because it is early in these proceedings, and there is no evidence of undue delay or bad faith, the Court will allow Plaintiffs leave to file an Amended Complaint. As for the County's argument that Plaintiffs cannot avoid federal jurisdiction by omitting claims, a "plaintiff is the master of the complaint ..... and ..... the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987). See also Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473–74 (2007) ("when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction"); In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (courts are to "resolve questions of subject matter jurisdiction by examining the face of the amended complaint."). Plaintiffs' Motion for Leave to File an Amended Complaint is granted.

That said, the Court cannot direct the Clerk to detach and docket Plaintiffs' proposed Amended Complaint, because Plaintiffs only attached a redline version of their Amended Complaint to their Motion for Leave. Under Section II.B of the CM/ECF Procedures Manual, Plaintiffs should have attached a clean version of proposed Amended Complaint, because if leave is granted, "the Clerk will detach and file the document." Plaintiffs are directed to promptly file their Amended Complaint. Once the Amended Complaint is filed, it completely replaces the

original Complaint, In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005), and the County must respond to Plaintiffs' Amended Complaint within the time allowed by the applicable rules.

As for Plaintiffs' Motion to Remand, which is currently pending before the Court, the County missed the deadline to respond to the motion and filed a Motion for Leave to File a Response in Opposition Out of Time.  The Court will grant the County leave to file a response in opposition to Plaintiffs' Motion to Remand, however, the County's proposed Opposition to Plaintiffs' Motion to Remand, which is attached to the motion for leave, has been mooted by the Amended Complaint.  The Court will allow the County seven days to file a Response in Opposition to Plaintiffs' Motion to Remand, which shall address whether there is federal subject matter jurisdiction based on the allegations in the Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint is **GRANTED**.  Plaintiffs shall promptly file their Amended Complaint.  Once the Amended Complaint is filed, Defendant St. Louis County, Missouri shall answer or otherwise respond to the Amended Complaint within the time allowed under the applicable rules.  [ECF No. 27]

**IT IS FURTHER ORDERED** that Defendant St. Louis County, Missouri's Motion for Leave to File its Opposition to Plaintiffs' Motion for Remand Out of Time is **GRANTED.** Defendant shall file a Response to Plaintiffs' Motion to Remand on or before March 21, 2024.  Plaintiffs may file a Reply, if any, within the time allowed by the applicable rules.  [ECF No. 23]

*(signature)*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of March, 2024.