**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIDWEST PETROLEUM COMPANY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1568 RLW |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Plaintiffs' Motion to Remand.  (ECF No. 18). Pursuant to 28 U.S.C. § 1447(c), Plaintiffs move to remand this case to state court for lack of subject matter jurisdiction.  Defendant St. Louis County, Missouri (the "County") opposes the Motion, which is fully briefed and ripe for review. For the reasons that follow, Plaintiffs' Motion to Remand is granted.

### I. Background

Plaintiffs Midwest Petroleum Company ("Midwest"), Wallis Companies Inc. ("Wallis"), Spirit Energy, LLC ("Spirit Energy"), and Aydt Oil Company ("Aydt Oil") (collectively "Plaintiffs") are owners and/or operators of convenience stores in St. Louis County.  Plaintiffs initially filed suit in the Circuit Court of St. Louis County on November 3, 2023, seeking damages, an injunction, and a declaration that St. Louis County Ordinance No. 602.361.1 (the "Ordinance"), which restricts transfers of tobacco licenses issued to persons within 1,000 feet of school property, constituted an uncompensated taking and was in violation of due process.  Plaintiffs brought the following three counts in their initial Petition: Unconstitutional Taking in violation of the Missouri

Case: 4:23-cv-01568-RLW   Doc. #:  37   Filed: 04/11/24   Page: 2 of 8 PageID #: 166

Constitution (Count I); Due Process Violation under the Missouri Constitution (Count II); and Declaratory Judgment pursuant to Mo. Rev. Stat. § 527.020 (Count III).

The County removed the case to this Court based federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Although all the claims in the initial Petition are state law claims, the County asserts in its Notice of Removal that Plaintiffs' claims arise under federal law based on the fact that in their request for relief they asked that the Ordinance be declared a taking in violation of the Missouri Constitution <u>and</u> the Fifth Amendment to the U.S. Constitution, and that it violates the Due Process Clauses of the Missouri Constitution <u>and</u> the Fourteenth Amendment to the U.S. Constitution.

In Count II of the initial Petition, Plaintiffs aver that while the Ordinance is designated for the benefit of public health, it is not rationally related to public health because, among other things, "those who sell tobacco products are required to validate a purchaser's age before selling tobacco products, and violations are subject to enforcement under the Missouri Clean Indoor Act [ ] and 21 U.S.C. § 333(D)(8) and § 387f(d)(5), and 21 C.F.R. § 1140.14(a)."  (ECF No. 4 at 9).  The County neither mentioned nor relied on this reference to federal statutes and a regulations in its Notice of Removal.

Following removal, Plaintiffs filed a Motion to Remand arguing this Court does not have subject matter jurisdiction because their claims do not arise under federal law.  The County did not respond to Plaintiffs' Motion to Remand within the time allowed by the applicable rules, and on January 26, 2024, the County filed a motion for leave to file its response to the Motion to Remand out of time.  However, on February 9, 2024, Plaintiffs filed a motion for leave to file an Amended Complaint, which the County opposed.  Over the County's objections, the Court allowed Plaintiffs leave to file an Amended Complaint.  The Court also allowed the County leave to file a response

to Plaintiffs' Motion to Remand out to time. The County was instructed to address whether the Court has federal subject matter jurisdiction in light of the allegations in the Amended Complaint.

In their Amended Complaint, Plaintiffs bring the same three state law claims, however, they omit any reference to the U.S. Constitution. They do continue to aver that the Ordinance is not rationally related to public health, citing to 21 U.S.C. §§ 333(D)(8) and 387f(d)(5) and 21 C.F.R. § 1140.14(a), among other things. In the Amended Complaint, Plaintiffs seek damages, an injunction, and a declaration that the Ordinance constitutes a taking and is in violation of due process under the Missouri Constitution <u>only</u>.

## *II. Legal Standard*

A party may remove a claim from state to federal court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a); <u>Cagle v. NHC Healthcare-Maryland Heights, LLC</u>, 78 F.4th 1061, 1065 (8th Cir. 2023). When removal is based on federal question jurisdiction, the claim must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c)(1). Whether a claim "arises under" federal law is governed by the contents of a well-pleaded complaint. <u>Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC</u>, 843 F.3d 325, 329 (8th Cir. 2016).

A well-pleaded complaint most often "arises under federal law when federal law creates the cause of action asserted." <u>Gunn v. Minton</u>, 568 U.S. 251, 257 (2013). However, there exists a "'special and small category' of cases in which arising under jurisdiction still lies," although no federal claim is being asserted on the face of the pleading. <u>Id.</u> at 258. In the absence of an asserted federal claim, the Court must determine whether a state law claim necessarily raises a federal issue. But the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." <u>Merrell Dow Pharms., Inc. v. Thompson</u>, 478 U.S. 804, 813 (1985). For federal jurisdiction to apply, the federal issue must be "actually disputed and substantial, which

a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).  A state law claim may invoke federal question jurisdiction if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 568 U.S. at 259; Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).  See also Minnesota by Ellison v. Am. Petroleum Inst., 63 F.4th 703, 711 (8th Cir. 2023) (referring to the four-factor test as the "Grable doctrine").  A state cause of action that contains a federal issue but fails on any of the four elements does not "arise under" federal law for purposes of invoking federal question jurisdiction. Gunn, 568 U.S. at 259.

Here, the County, as the party asserting the Court has jurisdiction over this dispute, bears the burden of establishing federal jurisdiction. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

### III. Discussion

The Court first takes up the County's argument that Plaintiffs cannot amend their pleadings to avoid federal jurisdiction.  This argument is without merit.  A plaintiff can defeat federal question jurisdiction by eliminating references to federal law in an Amended Complaint. Wullschleger v. Royal Canin U.S.A., Inc., 75 F.4th 918, 924 (8th Cir. 2023). See also Highway Const. Co. v. McClelland, 15 F.2d 187, 188 (8th Cir. 1926) ("The plaintiff, after jurisdiction has attached, may so change his pleading voluntarily that the court will no longer have jurisdiction on the face of the pleading. If this is done, it then becomes the duty of the court to remand the case, if it be a removed case.").  The Court allowed Plaintiffs leave to file their Amended Complaint, which is now the operative complaint in this case.  In re Atlas Van Lines, Inc., 209 F.3d 1064,

1067 (8th Cir. 2000).  The Court next turns to the issue of whether Plaintiffs' Amended Complaint

arises under federal law.

  In their Amended Complaint, Plaintiffs bring three claims against the County that were

created by Missouri law.  Despite this fact, the County argues the Court has federal question

jurisdiction over this dispute because Plaintiffs refer to federal statutes and a regulation in Count

II. Therefore, according to the County, "[i]t is clear from the face of the pleadings, that Plaintiffs

have raised a federal question by asking the Court to determine whether the ordinance in question

relates to public health in comparison to federal law." (ECF No. 35 at 1).  The County's argument

is short on law and legal analysis. The cases the County relies on in support of its argument that

there is federal jurisdiction in this case are either inapplicable to the issues at hand or actually

support remand of this case to state court.

  First, three of the cases involve the complete preemption doctrine. Beneficial Nat. Bank v.

Anderson, 539 U.S. 1, 2 (2003) (finding under complete preemption doctrine that the cause of

action arose only under federal law and, therefore was removable); Pet Quarters, Inc. v. Depository

Tr. & Clearing Corp., 559 F.3d 772, 778 (8th Cir. 2009) (affirming denial of remand because state

law claims were preempted by federal claims); Krispin v. May Dep't Stores Co., 218 F.3d 919,

922 (8th Cir. 2000) (same).  No party has argued federal preemption applies to this cause of action,

and these cases simply are not relevant to the issue before the Court.    !

  Second, the County cites to Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804

(1986), in support of its argument that the Court has federal jurisdiction to hear this dispute.  But

in Merrell Dow the U.S. Supreme Court affirmed remanding the case to state court for lack of

subject matter jurisdiction.  The plaintiffs had brought state law claims alleging children were born

with birth defects as a result of their mother's ingestion of a drug manufactured by the defendant.

Id. at 805.  In one of the counts, the plaintiffs alleged that the drug was misbranded in violation of

the federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., and, therefore, there was a "rebuttal presumption of negligence" under state law.  Id. at 806.  The Supreme Court stated that the mere presence of a federal issue in a state-created cause of action does not confer federal jurisdiction, even when there is explicit reference to a federal statute or regulation in the complaint. Id. at 812.  The Supreme Court examined whether there was a private right of action under the FDCA and finding none, it held "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under [federal law]."  Id. at 817. Remand to state court for lack of subject matter jurisdiction was affirmed.  Here, the County does not argue that there is a private right of action under the federal statutes and regulation referenced in Plaintiffs' Amended Complaint.

The County fails to cite to the relevant controlling case law in arguing that there is federal jurisdiction over this dispute.  The County does not cite to Grable & Sons Metal Products, Inc., or its progeny, and it fails to address any of the four elements outlined in the Grable doctrine.  545 U.S. at 312; see also Minnesota by Ellison, 63 F.4th at 711.  Applying the Grable doctrine to the claims alleged in Plaintiffs' Amended Complaint, the Court finds this cause of action fails to meet at least two of the required elements.

In Count II, Plaintiffs assert the Ordinance violates due process under the Missouri Constitution because, among other things, the Ordinance is not rationally related to public health in that the sale of tobacco products is already subject to state and federal laws, including 21 U.S.C. §§ 333(D)(8) and 387f(d)(5), and 21 C.F.R. §1140.14(a).  Plaintiffs refer to the federal statutes and regulation to support their general allegation that the Ordinance is "arbitrary, capricious, and irrational as its practical implications do not serve the furtherance of the stated purpose."  (ECF No. 33).  Although Count II references federal statutes and a regulation, federal law is not

necessarily raised because answering a federal issue is not required to resolve Plaintiffs' Missouri due process claim.  Cent. Iowa Power Co-op., 561 F.3d at 912 (holding that no federal issue is necessarily raised when interpretation of a federal issue is not necessary for plaintiff to succeed in proving its state law claims).  In other words, resolving a federal issue is not required to establish an element of the state due process claim.  Furthermore, there is nothing to suggest that the parties dispute the interpretation of the federal statutes and regulation referenced in Count II.  Gunn, 568 U.S. at 259.

Plaintiffs' state cause of action fails at least two of the four elements of the Grable doctrine.  Review of the Amended Complaint shows a federal issue is not (1) "necessarily raised" or (2) "actually disputed."  Gunn, 568 U.S. at 259, Grable, 545 U.S. at 312.  Consequently, the Court finds Plaintiffs' cause of action does not arise under federal law for purposes of invoking federal question jurisdiction. Id.

### IV. Conclusion

In sum, the County has not established that the Court has federal question subject matter jurisdiction over this cause of action.  Plaintiffs are bringing state law claims only, and the County has not shown this case falls under four-factor test outlined in the Grable doctrine. 545 U.S. at 312.  Therefore, the Court grants Plaintiffs' Motion to Remand because subject matter jurisdiction is lacking in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction is **GRANTED**. [ECF No. 18].

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for St. Louis County, State of Missouri, from which it was removed, for lack of subject matter jurisdiction.

The Court will issue a separate Order of Remand.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of April, 2024.